UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

April 14, 2022

LETTER TO ALL COUNSEL OF RECORD

Re:   *Freda T. v. Andrew M. Saul, Commissioner of Social Security*
      Civil No. 21-1630-BAH

Dear Counsel:

On July 1, 2021, Plaintiff Freda T. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny Plaintiff's claim for disability insurance benefits. ECF 1. I have considered the record in this case, the parties' cross-motions for summary judgment, and Plaintiff's reply. ECF 13, 14, 15, 16. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the SSA's decision, and remand the case for further consideration. This letter explains why.

## **Background**

This case has a long history. Plaintiff first filed a Title II application for a period of disability and disability insurance benefits ("DIB") on December 2, 2014, alleging a disability onset date of October 23, 2014. Tr. 175, ECF 13-6. Plaintiff's claim was denied initially and on reconsideration. Tr. 105–08, ECF 13-5; Tr. 110–11, ECF 13-5.

On September 21, 2017, an Administrative Law Judge ("ALJ") held a hearing. Tr. 52–74, ECF 13-3. On January 31, 2018, an ALJ ruled that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 35–51, ECF 13-3. On January 16, 2019, the Appeals Council denied Plaintiff's request for review. Tr. 1–4, ECF 13-3. Plaintiff then filed suit in this Court seeking judicial review. Tr. 874–84, ECF 13-10. On February 12, 2020, then-Magistrate Judge Boardman signed an Order granting a consent motion to remand Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). Tr. 904, ECF 13-10. Specifically, Judge Boardman instructed the ALJ to "offer the claimant the opportunity for a hearing, re-evaluate Listing 1.04A and the opinion evidence, and issue a new decision." *Id.* On May 28, 2020, the Appeals Council complied with Judge Boardman's Order and ordered that the case be set in for another hearing. Tr. 908–10, ECF 13-10. Since Plaintiff filed a second claim for disability benefits on March 27, 2019, the Appeals Council also asked the ALJ to consolidate both claims. Tr. 910, ECF 13-10.

On November 18, 2020, a different ALJ held a second hearing. Tr. 810–44, ECF 13-9. On March 3, 2021, that ALJ ruled that Plaintiff was not disabled from October 23, 2014 through the date of the ALJ's decision. Tr. 783–809, ECF 13-9. In denying Plaintiff's claims, the ALJ first

found that Plaintiff "meets the insured status requirements" through June 30, 2021. Tr. 789, ECF 13-9. The ALJ then employed the "five-step process" outlined in 20 C.F.R. § 404.1520(a)(4). Tr. 787–88, ECF 13-9. At step one, the ALJ found that Plaintiff "has not engaged in substantial gainful activity since October 23, 2014." Tr. 789, ECF 13-9. Then, at step two, the ALJ determined that Plaintiff suffered from the severe impairments of "degenerative disc disease, degenerative joint disease, cerebral palsy, and obesity." Tr. 789–90, ECF 13-9. The ALJ also determined that Plaintiff suffered from several "nonsevere impairments: hypertension, migraines, cholecystitis, and depressive disorder." Tr. 789, ECF 13-9. At step three, the ALJ ruled that Plaintiff "does not have an impairment or combination of impairments meets or medically equals the severity of [Listings 1.04, 1.02, 11.07]." Tr. 791–92, ECF 13-9.

In turning to steps four and five, the ALJ found that despite Plaintiff's impairments, Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) EXCEPT [Plaintiff] can never balance or climb ladders, ropes, or scaffolds, and can occasionally climb ramps or stairs, stoop, kneel, crouch, and crawl; have occasional exposure to extreme cold, extreme heat, wetness, vibration, uneven surfaces, and hazards; frequently reach overhead bilaterally; and frequently handle, finger, and feel with the left upper extremity; and requires the use of a cane for ambulation in the workplace.

Tr. 792–93, ECF 13-9. The ALJ found that Plaintiff was able to perform past relevant work as a "medical receptionist, a billing clerk, and as a daycare worker" because this work "does not require the performance of work-related activities precluded by [Plaintiff's RFC]." Tr. 797, ECF 13-9.[1]

Since Plaintiff's age category changed while Plaintiff's claim was pending, the ALJ made alternative findings addressing step five of the sequential evaluation process. Tr. 798, ECF 13-9. Specifically, the ALJ found that prior to June of 2018, when Plaintiff changed categories from "younger person" to "person closely approaching advanced age,"[2] Plaintiff was also able to work as an "addresser," a "document preparer," and an "order clerk." Tr. 799, ECF 13-9. Ultimately, the ALJ determined that Plaintiff "was not under a disability, as defined in the Social Security Act" during the relevant time period because Plaintiff could perform past relevant work and "[was] capable of making a successful adjustment to other work that exist[ed] in significant numbers in the national economy prior to the date her age category changed." Tr.799, ECF 13-9.

---

[1] In addition to "Receptionist" and "Billing Clerk" in the heading summarizing the ALJ's step four finding, the ALJ includes "Daycare Worker" as past relevant work that Plaintiff is capable of performing. Tr. 797, ECF 13-9. However, the ALJ's subsequent analysis only discusses Plaintiff's past work as a Medical Receptionist and Medical Biller. Tr. 798; ECF 13-9. This discrepancy is not addressed in the pleadings but has no impact on the Court's analysis.

[2] *See* 20 C.F.R. § 404.1563.

*Freda T. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
Civil No. 21-01630-BAH
April 14, 2022, Page 3

Plaintiff did not file a request for review of the ALJ decision by the Appeals Council.[3] ECF 1, at 2 (citing 20 C.F.R. § 404.984). Therefore, the ALJ's March 3, 2021 decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a). This appeal followed.

## **Analysis**

Plaintiff raises four arguments for review, namely that the ALJ erroneously: 1) failed to include Plaintiff's non-severe mental health impairment in the ALJ's RFC analysis; 2) failed to evaluate Plaintiff's "chronic pain syndrome"; 3) erred in evaluating Plaintiff's "subjective symptoms"; and 4) erred in evaluating medical opinion evidence. Pl.'s Br. 15–30, ECF 14-1.

Plaintiff first argues that the ALJ failed to adequately consider Plaintiff's mental health in determining Plaintiff's RFC and in performing the analysis required at steps four and five. Pl.'s Br. 16, ECF 14-1 ("Despite finding that [Plaintiff's] depression was a non-severe medically determinable impairment, the ALJ's RFC assessment focused exclusively on [Plaintiff's] physical impairments.").[4] "To make [an RFC] assessment, the ALJ must 'consider all of the [the claimant's] medically determinable impairments of which [the ALJ is] aware,' including those not labeled severe at step two." *Mascio v. Colvin*, 780 F.3d 632, 635 (4th Cir. 2015) (quoting 20 C.F.R. § 416.945(a)(2)). Further guidance is found in SSA Ruling 96-8p, which confirms that an ALJ assessing RFC "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996).

Despite finding that Plaintiff's depression was non-severe and essentially quoting SSR 96-8p's requirements that "[t]he mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment [of Plaintiff's mental health impairment,]" the ALJ's RFC analysis focused solely on Plaintiff's physical impairments. Tr. 791, ECF 13-9. Indeed, the remainder of the ALJ's opinion addressing Plaintiff's RFC makes almost no reference to Plaintiff's mental health until later claiming that the ALJ compared Plaintiff's RFC "with the physical and mental demands [of Plaintiff's past relevant work]." Tr. 798, ECF 13-9. This is far from the "more detailed assessment" promised by the ALJ (and required

---

[3] Defendant states that Plaintiff "filed exceptions to the ALJ's decision (Tr. 1669–81), but that the Appeals Council declined to assume jurisdiction in this case (Tr. 1497–1503), rendering the ALJ's March 18, 2020 decision the Commissioner's final decision for purposes of judicial review." Def.'s Br. 2, ECF 15-1 (citing 20 C.F.R. § 404.984(b)(2)). Defendant's citations to the record here do not reflect a request for review by the Appeals Council, but rather refer to medical records. Although Defendant lists the ALJ's March 18, 2020 decision as the final, reviewable decision, the remainder of Defendant's brief accurately cites to the ALJ's March 3, 2021 decision. Therefore, as it appears that neither party disputes that the ALJ's March 3, 2021 decision is the final decision, the Court accepts this to be true. *See* 20 C.F.R. § 404.984(d).

[4] Despite titling the first argument as a challenge to the ALJ's steps two and three analysis, Plaintiff takes no issue with the ALJ's findings that Plaintiff's depression is "non-severe" when assessed under the "special technique" summarized in 20 C.F.R. § 404.1520a. Pl. Br. 16, ECF 14-1. As such, I will treat the argument as one challenging the ALJ's RFC analysis.

*Freda T. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
Civil No. 21-01630-BAH
April 14, 2022, Page 4

under SSR 96-8p). *See, e.g.*, *Anthony M. v. Comm'r, Soc. Sec. Admin.*, No. CV SAG-19-651, 2020 WL 434581, at *3 (D. Md. Jan. 28, 2020) ("[T]he ALJ was required to consider the combined effect of Plaintiff's severe and non-severe impairments in his RFC discussion, including his non-severe depression and anxiety.").

For its part, Defendant does not dispute that Plaintiff has a non-severe mental health impairment that was not considered by the ALJ in Plaintiff's RFC assessment. Def.'s Br. 8, ECF 15-1. Instead, Defendant argues that remand is unnecessary because Plaintiff "does not allege, let alone identify evidence showing, that [Plaintiff's] mental impairment caused work-related limitations." *Id.* Plaintiff counters by arguing that Plaintiff provided ample evidence of such limitations. Pl.'s Reply 2, ECF 16. Plaintiff also argues that "had [Plaintiff] been found capable of sedentary and unskilled work, the Medical-Vocational Guidelines direct a finding of 'disabled'" once Plaintiff turned fifty years old in June of 2018. Pl.'s Reply 2, ECF 16. In essence, Plaintiff argues that had the ALJ properly considered Plaintiff's mental health limitations, Plaintiff *should have* been found to be limited to, at best, sedentary and unskilled work and, therefore, *would have* been found disabled pursuant to Appendix 2 to Subpart P of Part 404. *Id.* (emphasis added). Defendant does not respond to this aspect of Plaintiff's argument.

Beyond general citations to numerous lengthy exhibits, Plaintiff's briefing largely fails to point the Court to specific examples of precisely how the inclusion of Plaintiff's depression may have changed the ALJ's RFC assessment. In most instances, this failure would end Plaintiff's challenge. *See Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) ("The claimant has the burden of production and proof in Steps 1–4."). However, Plaintiff's argument is salvaged by a record replete with reference to Plaintiff's depression and its possible impact on Plaintiff's RFC.[5] For example, the ALJ found that Plaintiff's depression had at least a mild impact on the "four broad areas of mental functioning set out in the disability regulations for evaluating mental disorders and in the Listing of Impairments[.]" Tr. 790, ECF 13-9. The record also reflects that Plaintiff described her depression as "debilitating at times," discussed taking medications for depression, and saw "multiple doctors" for depression-related symptoms during the relevant time period. Tr. 824–26, ECF 13-9; *see also* Tr. 382, ECF 13-8 (noting a 2015 evaluation reflecting that "[Plaintiff] . . . reports crying spells and social withdrawal to the point where she does not want to leave the house"). Recent references in the record reflect a worsening of Plaintiff's depression. *See* Tr. 1741, ECF 13-15 (noting that the severity of Plaintiff's "depression/anxiety" was increasing due to a difficult event and that Plaintiff was "having a hard time coping"). Further, Plaintiff appears to be correct in noting that because the past relevant jobs and other work that the ALJ determined Plaintiff could perform are "sedentary," an RFC limitation to unskilled work may have rendered

---

[5] Plus, to the extent the ALJ's alternative findings at step five are also up for review, it is the Defendant who bears the burden at that final step. *See Mascio*, 780 F.3d at 635 (quoting 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(2), 416.1429) ("At step five, the burden shifts to the Commissioner to prove, by a preponderance of the evidence, that the claimant can perform other work that 'exists in significant numbers in the national economy,' considering the claimant's residual functional capacity, age, education, and work experience.").

*Freda T. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
Civil No. 21-01630-BAH
April 14, 2022, Page 5

Plaintiff disabled, at least after June of 2018.[6]

The record contains evidence that the addition of an RFC limitation addressing Plaintiff's depression may have rendered Plaintiff disabled. *See Clarence M. v. Saul*, No. CV SAG-19-2393, 2020 WL 3871142, at *3 (D. Md. July 9, 2020). To be clear, the Court offers no view on how the ALJ is to assess this evidence. However, remand is advised because the failure to discuss Plaintiff's depression altogether frustrates meaningful review of the ALJ's conclusions. *Mascio*, 780 F.3d at 636; *see also Anthony M.*, 2020 WL 434581, at *3 (remand proper because ALJ failed to include non-severe medically determinable impairments in RFC assessment); *Janet L. v. Saul*, No. CV CBD-19-2544, 2021 WL 1733469, at *8 (D. Md. Apr. 30, 2021) (collecting cases and noting that "[f]ailure by the ALJ to consider a claimant's non-severe impairments at subsequent steps of the RFC analysis requires remand").

It is the ALJ's role to determine whether the combination of Plaintiff's severe and non-severe impairments requires additional limitations to Plaintiff's RFC. It is also the ALJ's prerogative to amend any hypotheticals posed to a vocational expert. However, without an explanation as to why the ALJ omitted Plaintiff's depression from the RFC analysis (and accompanying hypothetical), this Court cannot review whether the ALJ's decision is supported by substantial evidence.

In remanding for further analysis and explanation, I note no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct or incorrect. I also note that though I did not need to reach the other issues raised by Plaintiff, the ALJ should nonetheless endeavor to address them on remand.

## **Conclusion**

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF 14, is DENIED, and Defendant's Motion for Summary Judgment, ECF 15, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/
Brendan A. Hurson
United States Magistrate Judge

---

[6] Plaintiff correctly asserts–and the Defendant does not dispute–that "[t]he Medical-Vocational Guidelines direct a finding of 'disabled' for a claimant in [Plaintiff's] higher age category ('a person of closely approaching advanced age') who is limited to sedentary and unskilled work." Pl.'s B. 16, ECF 14-1 (citing 20 C.F.R. Pt. 404, Subpt. P, App'x 2 § 201.14; see 20 C.F.R. § 404.1563(e)).